Ruffin, C. J.
All the statements of the Bill, on which an equity might be raised, are so directly denied or effectually avoided in the answer, as to leave no doubt of the correctness of his Honor’s decree. With respect to the debt, which the present guardian owed his wards, it appears that the bill proceeds on an entire mistake of fact. The answer admits, that it ought to have been credited on the judgments; but it states, that it was so credited at the time of taking the judgments.
With respect to the transactions connected with Spruill’s assignment, without admitting that a creditor has not the choice of remedies, either upon a securety obtained from the principal debtor, or against a surety — leaving to the latter the benefit of the security by way of re-imbursing him; and, particularly, without admitting that infant creditors cambe restricted to such a security on property as the debtor may have thought proper to provide; we hold, that, at all events, the surety cannot require the creditor to look to such a security in the first instance, if it be not plainly a valid security, under which the creditor can have speedy, direct and certain redress — as much so as that, which the law gives him against the surety himself. The debtor and the surety have no power to embarrass the creditor in any such manner. And we hold this the more especially, when the supposed security cannot be enforced, but is suspended in its operation indefinitely by a litigation; instituted to determine its validity, under in arrangement between the sureties them" selves and those who contest the deed. The trustee might have sold for cash such title as he had under the deed; and, after applying the proceeds, whether little or much, there could be no objection to the creditors then raising the balance from the sureties. But to avoid a loss to themselves from *69 such a sale, the sureties interposed and had a sale in another manner, by which better prices were to be realized, and for their benefit, in case the deed should be held good; but that question is yet to be determined at law. It would be unreasonable, that the creditor should be compelled to awjiit the decision, and suspend proceedings on a judgment, already obtained at law against the principal and the sureties.
As to the allegations, that the debt is or will be made secure, and that the situation of the infants creates no necessity for calling it in; it is sufficient to say, that, if true, it constitutes no equity in bar of the execution. It is the, duty of a guardian to keep the ward’s money at interest and on good security; and that, under the penalty of being answerable for compound interest, if he will not reasonably endeavor to make it, and for the debt, if-he allows it to remain on insufficient security. The court, therefore, never undertakes to dictate to whom a guardian shall lend money, nor how long he shall lend it to a particular person. The investments are in the guardian’s discretion, as they are upon his responsibility.
It must, accordingly, be certified, that there is no error in the decree; and the plaintiffs must pay- the costs in this Court.
Per Curiam, Ordered accordingly.